Page Woven Wire Fence Company, Defendant in Error, v. Illinois Smelting & Refining Company, Plaintiff in Error.

### Gen. No. 15,636.

Evidence—*when letter competent.* If a part of a letter is competent it is not error to admit the whole letter in evidence.

Error to the Municipal Court of Chicago; the Hon Hosea W. Wells, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed June 16, 1911.

Louis S. Gibson, for plaintiff in error.

Defrees, Buckingham, Ritter & Campbell, for defendant in error; Marquis Eaton, of counsel.

Mr. Justice Clark delivered the opinion of the court.

The controversy in this case arose out of the sale of a carload of lead oxide made by the defendant in error to the

plaintiff in error. On June 22, 1908, the fence company wrote to the smelting and refining company, stating that it had accumulated a carload of lead oxide mixed with coke, and asked if the smelting and refining company would be interested in the purchase of the material, stating, "we can, if necessary, furnish a sample, but would not, under any circumstances guarantee the sample to be representative of the carload. We would, however, use our best efforts to obtain a fair sample." On the next day the smelting and refining company wrote to the fence company offering $45.50 per net ton "F. O. B. shipping point." The terms were "cash against documents this month's shipment." On the following day the fence company accepted the offer by telegram, and confirmed the telegram by letter, changing the terms, however, to "sight draft for bill of lading." The smelting and refining company telegraphed its acceptance of the amendment of the terms. On the same day it wrote the fence company asking for a sample of the material in question, and that the car be not shipped until the following Monday. On June 27th the fence company wrote to the smelting and refining company stating that they were loading the car on that day but had no objections to holding it until the following Monday. Several days later, on July 2nd, the smelting and refining company wrote stating that the sample was not satisfactory in that it did not contain the lead it should, and stating that it would not pay more than $30 per ton F. O. B. shipping point for the material. Meantime the car had been shipped and a draft made upon the plaintiff in error on the basis of $45.50 per ton. Payment of the draft was refused, and thereupon the defendant in error sold the material to another concern doing business in Chicago.

There was a trial before the court and jury, which resulted in a verdict of $301.01, a reduction from the plaintiff's demand of $254.20. Upon this verdict judgment was entered.

We are asked to reverse the judgment on the ground that the verdict is not supported by the evidence. The only error based on the admission of testimony which is suggested is as to a part of the letter of July 2nd, above referred to. The

letter itself was not objected to, but so much of it as contained the offer of compromise, as it is termed by the plaintiff in error. We do not think any error was committed in this regard. Portions of the letter were admissible, and in order that they should be received the whole letter must necessarily have been admitted in evidence. The only effect of the so-called offer of compromise seems to have been in favor of the plaintiff in error. The amount received by the defendant in error on the resale of the lead oxide mixed with coke was $328.40; the amount deducted by the jury was $528.60. We have carefully considered the record, briefs and arguments in the case, and cannot see that the result reached by the jury as shown by its verdict was against the manifest weight of the evidence.

Complaint is made that the fence company in reselling the material did not use the care, diligence and honesty that it should have used. The number of concerns which use this material in Chicago seems to be very limited, and in the letter of July 2nd heretofore referred to, the smelting and refining company authorized the defendant in error to "dispose of it to other smelters in this city." There is no testimony to the effect that the full market value on the resale was not allowed in the verdict. The jury in its verdict allowed the plaintiff in error all that it claimed the material was worth, and we think it has no right to complain on that score.

*Affirmed.*